UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CHRISTIAN CRUZ, individually and as personal representative of of LaVerne Pearce,** | § § § § | |
| plaintiff, | § | Case 2:23-CV-146 |
| | § | |
| v. | § | |
| | § | |
| **WILMINGTON SAVINGS FUNDS SOCIETY, FSB,** | § § § | |
| | § | |
| defendant. | § | |

## WILMINGTON'S REMOVAL NOTICE

Wilmington Savings Funds Society, FSB (**Wilmington**) removes Christian Cruz's, individually and as personal representative of LaVerne Pearce, state court action to this court pursuant to 28 USC §§ 1332 and 1441.

### I.    NOTICE OF RELATED CASE

1.    This case is related to the case styled *Christian Cruz v. Compu-Link Corporation dba Celink* and assigned case 2:22-CV-00243 in the United States District Court for the Southern District of Texas, Corpus Christi Division, the Hon. David S. Morales presiding.  The cases are related because they involves some or all of the same parties and are based on the same or similar claim, involves the same property and involves substantially similar issues of law and fact.

### II.    STATEMENT OF THE CASE

2.    On May 1, 2023, Mr. Cruz sued Wilmington in the case styled *Christian Cruz, individually and as personal representative of LaVerne Pearce v. Wilmington Savings Funds Society, FSB* and assigned case 2023CCV-60555-4 in the County Court of Law 4 of Nueces

County, Texas. (orig. pet., **ex. 1**.) He sues to enjoin a May 2, 2023 foreclosure sale of the property at 613 Monette Drive, Corpus Christi, Texas 78412. (*Id*. at ¶¶ 14 and 41, **ex. 1**.)

3. Mr. Cruz claims the May 2, 2023 foreclosure sale would be improper because Wilmington failed to provide the pre-foreclosure notices required by Texas Property Code section 51.002(b) and (d), paragraph 21 of the deed of trust and the Texas Constitution. (*Id*. at ¶¶ 12-14, 17, **ex. 1**.) Basing on these allegations, Mr. Cruz sues for (**1**) declaratory judgment, (**2**) breach of contract, (**3**) violation of Texas Property Code section 51.002(b) & (d), and (**4**) violation of the Texas Debt Collection Act. (*Id*. at ¶¶ 16-31.) He sues for actual and exemplary damages, injunctive relief, intentional infliction of emotional distress, and attorney's fees. (*Id*. at ¶¶ 32-36.)

### III.    BASIS FOR DIVERSITY JURISDICTION

4. Diversity jurisdiction exists because the real parties in interest are completely diverse and the amount in controversy exceeds $75,000. 28 USC § 1332(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state." *Id*. at 84. Only the citizenship of the real parties in interest is considered for diversity jurisdiction purposes. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857-58 (5th Cir. 2003).

**A.    The parties are citizens of different states.**

5. Mr. Cruz is a Texas citizen because he is an individual domiciled in Nueces County, Texas. (orig. pet. at ¶ 3, **ex. 1**); *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797–98 (5th Cir. 2007).

6. Wilmington is a Delaware citizen. A federal savings bank is organized under the laws of the United States and a citizen of the state in which it has its home office. *Wilmington Savs. Fund Soc'y, FSB v. Universitas Educ., LLC*, 164 F. Supp. 3d 273, 283 (D. Conn. 2016) (citing

12 USC § 1464(x) ("In determining whether a federal court has diversity jurisdiction over a case in which a federal savings association is a party, the federal savings association shall be considered to be a citizen only of the state in which such savings association has its home office."); 12 USC § 1813(b)(2) ("The term 'federal savings association' means any federal savings association or federal savings bank.")) "Wilmington is a citizen of Delaware because it is a federal savings bank with its home office in Delaware." *Id.*, 164 F. Supp. 3d at 283.

**B.     The amount in controversy exceeds $75,000.**

7.     When a defendant removes on the basis of diversity jurisdiction, the amount in controversy may be established by the specific "good faith" sum demanded by the plaintiff in its state court petition. 28 USC § 1446(c)(2). If the plaintiff does not state the amount of damages it seeks, the burden falls on the defendant to prove the value of the plaintiff's claims. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In those instances, the removing defendant must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This requirement can be satisfied if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id*. (citing *Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)).

8.     "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam); *see also Nationstar Mortg., LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009) ("[w]hen … a

right to property is called into question in its entirety, the value of the property controls the amount in controversy") (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)).

9.  The object of this litigation–613 Monette Drive, Corpus Christi, Texas 78412–is valued at $210,330 by the Nueces Central Appraisal District. (Nueces CAD – property details, **ex. 6**.) *See e.g.*, *Anderson v. Wells Fargo Bank, N.A.*, No. 4:12-cv-764, 2013 WL 1196535, at *3 (E.D. Tex. Feb. 22, 2013) ("The property at issue in this lawsuit has a current fair market value of $114,000, according to the Denton County Central Appraisal District. Therefore, Defendant has met its burden of establishing that the amount in controversy exceeds $75,000.") The amount in controversy exceeds $75,000, and the court may exercise diversity jurisdiction over this action.

## IV.   PROCEDURAL REQUIREMENTS SATISFIED

10.  Removal is timely under 28 USC § 1446(b) because it is filed within thirty days of Wilmington's receipt of the petition and citation through service of process, if at all. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (requiring formal service of process to trigger removal deadline). Venue is proper in this court because the United States District Court for the Southern District of Texas, Corpus Christi Division, embraces the place in which the state court action was pending. 28 USC § 1441(a). Notice has been sent to the state court regarding this removal. Pursuant to 28 USC § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as **exhibits 1-5**.

## V.   CONCLUSION

This court may exercise diversity jurisdiction because the parties are completely diverse and, based on Mr. Cruz's claims for relief, the amount in controversy exceeds $75,000.

Date: June 5, 2023                                            Respectfully submitted,

                                                                           */s/ Michael J. McKleroy*
                                                              Michael J. McKleroy,
                                                              SBN: 24000095, FBN: 576095
                                                              mmckleroy@hinshawlaw.com
                                                              --*Attorney in Charge*
                                                              Bryan T. Brown,
                                                              SBN: 24055219, FBN: 946689
                                                              bbrown@hinshawlaw.com
                                                              HINSHAW & CULBERTSON, LLP
                                                              1717 Main Street, Suite 3625
                                                              Dallas, Texas 75201
                                                              telephone: 945-229-6380
                                                              facsimile: 312-704-3001

                                                              **ATTORNEYS FOR WILMINGTON SAVINGS FUND SOCIETY, FSB**

## CERTIFICATE OF SERVICE

A true and correct copy of this document was served on June 5, 2023 as follows:

Robert C. Newark, III
A Newark Firm
1341 W. Mockingbird Lane, Suite 600W
Dallas, Texas 75247
**VIA ECF, REGULAR U.S. MAIL AND CMRR NO. 7021 2720 0001 4071 0855**

                                                             */s/ Michael J. McKleroy*
                                                              Michael J. McKleroy